UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DARRYL WHITE,
    Plaintiff,

v.                                                         12-CV-1014

S.A. GODINEZ, et. al.,
    Defendants.

## OPINION

Plaintiff' has filed a motion for the appointment of *pro bono* counsel and has previously demonstrated reasonable attempts to find counsel on his own. The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993). As the Seventh Circuit stated in *Pruitt*:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'"

*Pruitt,* 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Id.* at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt,* 503 F.3d at 656. The Court cannot require an attorney to accept pro bono appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (in forma pauperis statute "'does not authorize the federal courts to make coercive appointments of counsel.'")

Plaintiff does not state whether he graduated from high school, but test scores show his reading level is approximately that of a ninth grader.[58, p. 9] The court also notes the Plaintiff has previous litigation experience. *See White v Fenton*, Case No. 09-2245 and *White v Benton*, Case No 10-155 in the Southern District of Illinois. The court also notes the Plaintiff has actively litigated this case. The court initially dismissed his lawsuit finding the Plaintiff had three "strikes" pursuant to 28 U.S.C. §1915(g). *See* April 11, 2012 Text Order. The Plaintiff

1

successfully filed a motion to reconsider demonstrating he had not earned three strikes and his case was reopened. *See* May 21, 2012 Case Management Order.

In addition, the Plaintiff's claims before this court are not complex. He alleges a Food Supervisor retaliated against him when he complained about work conditions. He claims the supervisor began treating him differently and made his working conditions more difficult. *See* March 12, 2012 Merit Review Order. The Plaintiff also claims the Food Supervisor and three other Defendants violated his Eighth Amendment rights when they failed to protect him from an inmate attack on July 4, 2011. The Plaintiff says the Defendants knew there were problems between the inmates, but the Defendants did not provide a safe environment and instead tried to create a "dangerous atmosphere." (Comp, p. 9)

The Plaintiff is capable of filing an affidavit explaining his working conditions. The Plaintiff has had the chance to participate in discovery and can present copies of any grievances, incident reports or medical records to support his claims. Accordingly, based on the information available in the record, the Court concludes that Plaintiff appears competent to proceed *pro se*.

The Defendants have now filed a motion for summary judgment and the Plaintiff has filed a response. However, the Plaintiff also claims the law library was shut down during the relevant time frame. Therefore, the court will allow the Plaintiff additional time if he wishes to file any further response to the pending dispositive motion.

IT IS THEREFORE ORDERED that:

1) Plaintiff's renewed motion for the appointment of counsel is denied at this stage of the proceedings. [58].

2) The court will allow the Plaintiff additional time if he wishes to supplement his response to the pending motion for summary judgment. The Plaintiff must file any additional response on or before August 12, 2013.

Entered this 22nd day of July, 2013.

                                          **s/Joe Billy McDade**

                                          JOE BILLY MCDADE
                                          UNITED STATES DISTRICT JUDGE